CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 04 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES BAILEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KLOCKNER PENTAPLAST )<br>OF AMERICA, INC., )<br>)<br>Defendant. ) | Civil Action No. 7:17-CV-00242<br><br>**ORDER**<br><br><br>Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Charles Bailey, Jr. brings this action against his former employer, Klockner Pentaplast of America, Inc., pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Plaintiff alleges that the defendant failed to accommodate his need for permanent light-duty work, and discriminated and retaliated against him because of his permanent disability. The case is currently before the court on defendant's motion to dismiss plaintiff's complaint.

The ADA, as amended by the ADA Amendments Act of 2008 (the "ADAAA"), prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A qualified individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Essential functions" means "the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. 1630.2(n)(1). "A qualified person must be 'able to meet all of a program's requirements in spite of his handicap.'" Lamb v. Qualex, Inc., 33 Fed. App'x 49, 56 (4th Cir. 2002) (quoting Se. Cmty. Coll. v. Davis, 442 U.S. 397, 406 (1979)). To allege that he was

qualified for his position, the plaintiff must assert facts suggesting that: "(1) he could 'perform the essential functions of the job' or (2) if not, whether 'any reasonable accommodation by [his] employer would enable [him] to perform those functions.'" Id. (quoting Tyndall v. Nat'l Educ. Ctr., Inc. of Cal., 31 F.3d 209, 213 (4th Cir. 1994)) (alterations in original).

Here, defendant argues that plaintiff has failed to plead facts related to the essential functions of either plaintiff's job or any other available positions. Instead, defendant argues that plaintiff has only asserted conclusory allegations that do not meet the standard required to survive a motion to dismiss, as articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Therefore, defendant contends that plaintiff has not demonstrated that he is a qualified individual who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The court believes that plaintiff has alleged sufficient facts suggesting that he could perform the essential functions of his job as a Class A Maintenance Mechanic. However, plaintiff's allegations that there were open Quality Assurance and full-time stock room positions available at KPA, absent more facts demonstrating what these jobs entailed that made them reasonable accommodations for Bailey, are insufficient to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Craddock v. Lincoln Nat'l Life Ins. Co., 533 Fed. App'x 333, 337 (4th Cir. 2013) ("The ADA expressly recognizes 'reassignment to a vacant position' as a reasonable accommodation.") (quoting 42 U.S.C. § 12111(9)(B)). The court believes the complaint is simply too abbreviated in terms of identifying alternative jobs to survive a motion to dismiss on plaintiff's failure to accommodate claim.

However, at the hearing, the plaintiff sought leave to amend his complaint to add further factual allegations related to the available positions, which the court granted. Accordingly, it is hereby

**ORDERED**

as follows:

1. Defendant's motion to dismiss is **DENIED**;

2. Plaintiff shall have twenty days from entry of this order to file an amended complaint; and

3. Defendant shall have fourteen days from the filing of the amended complaint to file a second motion to dismiss, if defendant wishes to do so. However, no further responsive pleading is necessary.

The Clerk is directed to send certified copies of this order to all counsel of record.

ENTER: This 4th day of August, 2017.

_____
United States District Judge